## COMMONWEALTH *vs.* GEORGE E. MANN.

On the trial of the clerk and bookkeeper of the owners of a coal yard, for a nuisance occasioned by the coal dust, evidence that the defendant was the general agent of the owners for many years, and until within a few weeks of the acts complained of, is admissible, in connection with evidence of his presence and paying the workmen, at the time of the alleged nuisance, to show that he aided, promoted and encouraged the acts which occasioned the nuisance.

INDICTMENT for a nuisance caused by the carting, depositing and screening of large quantities of coal, since the 1st of May

1854, by means of which large quantities of coal dust were emitted.

At the trial in the court of common pleas, the district attorney introduced evidence tending to show 'that the defendant had been for several years the agent of the owners of a coal yard, in their business of depositing and screening coal, and had managed that business for them. The defendant then introduced evidence tending to show that, since the 1st of April 1854, one Crawford had been such agent, and the defendant's employment had been confined to the keeping of the owners' books, taking orders at the ·counting room at the coal yard, collecting and receipting the bills, and paying the men.

The district attorney then introduced evidence tending to show that, since the 1st of April 1854, " the defendant had been a party to, and so participated in the acts, which constituted the nuisance, as to be liable."

*Byington*, J. instructed the jury that, " if the defendant, with a knowledge of what was done, aided, promoted and encouraged the doing of the acts which constituted the nuisance, then he would be liable; and the jury might consider the evidence of his presence, paying the men, and the other evidence in the case, showing what he did during the time charged in the indictment, and his long connection with the business of the coal yard prior to the time of the alleged nuisance." To this instruction the defendant, being convicted, alleged exceptions.

*F. H. Dewey*, for the defendant.

*P. E. Aldrich*, (District Attorney,) for the Commonwealth.

METCALF, J. It was rightly left to the jury to decide whether the defendant, with a knowledge of the doing by others of the acts which constituted a nuisance, aided, promoted and encouraged those acts. If he did, then his counsel does not deny that he was legally found guilty. But exception is taken to the judge's instruction, that in deciding whether the defendant did aid, promote and encourage those acts, the jury might consider, with ·the other evidence, his former connection with the coal yard, as the owners' general agent. We see no error in this instruction. The fact that the defendant had been such general

agent for several years, and until within a few weeks of the doing of the acts complained of as a nuisance, might well be taken into consideration by the jury, in deciding whether his connection with those acts had the effect of aiding, promoting and encouraging them. What he said or did might, we think, be reasonably supposed to have had an influence which would not have been produced by the same words or acts if he had been a stranger. *Exceptions overruled.*